If this were a tenancy in common the action would not lie. An action on the case in the nature of waste will not lie by one tenant in common against his co-tenant for cutting trees that are fit for cutting. 3 *Stark. Ev.* 1668. Each tenant in common has the right to cut, so that he does not make waste, and the cutting of ripe timber is not waste. The proof in this case is of a cutting of ripe timber. The other tenants in common may recover their share of the value of the trees cut. 8 *Term Rep.* 145. The building of the house was a benefit and not a disadvantage to the inheritance. Coparceners cannot in any case bring an action on the case in the nature of waste against each other. They differ from tenants in common and joint tenants, because they at common law could always procure partition; but not so of the others. 3 *Blac. Com.* 226-7. The equity of the statute giving an action of waste between joint tenants and tenants in common does not extend to co-parceners. This action cannot therefore be sustained at common law. I agree that our act of assembly *(Dig.* 166*)* extends the action to co-parceners; but the declaration in this case is not founded on the act, but is at common law.

*Layton.* The deft. should have demurred. He is now too late. The narr sets out a tenancy in common, which by the old intestate laws was the condition of the heirs at law to an intestate. (1 *vol. Del. Laws,* 85.) The objection, therefore, if such an action is not sustainable at common law, appears on the face of the declaration and should have been taken advantage of by demurrer.

*The Court.* The first objection arises on the proof. The narr lays a tenancy in common; the proof is of a co-parcenary. This is a fatal variance. The plffs. must be nonsuited on this point; it is therefore unnecessary to decide the other questions raised by deft.'s counsel.

Judgment of nonsuit.

*Layton,* for plaintiffs.
*Cullen,* for defendant.

---

## PETER N. RUST vs. CHARLES FLOWERS.

In an action on the case, though for a tort, the deft. may justify under the general issue.

CAPIAS case. Narr. Pleas, not guilty, and justification under written license. Issues.

It was an action on the case by a landlord against his tenant for cutting down trees.

Deft. offered to prove a verbal permission by plff. to cut the trees. Objected to.

*Frame.* We do not contend that the deft. might not justify by a parol license, if he had pleaded such a license, or pleaded justification generally; but he cannot under the plea of a written license. The evidence offered is not compatable with any plea on the record.

*J. A. Bayard* and *Cullen,* for deft. This is an action of trespass

on the case, and not an action of trespass vi et armis. In the latter there can be no defence by way of justification without a plea; the defence admits the trespass, and excuses or justifies it. The deft. here is no trespasser. The plff. is bound to make out his whole case. Every matter alledged in the narr, or going to constitute the offence, is put in issue by the plea of not guilty. There need be no plea of justification. The deft. is in possession of the premises lawfully, and the landlord cannot make him liable unless *he* shows that the acts complained of were done without his consent. The narr alledges that these trees were cut by the tenant without the license of the landlord. The plea of not guilty puts the whole narr in issue, and opens up evidence of any license, whether written or verbal.

*Frame*, in reply. This is essentially an action of trespass; the deft. is a trespasser, but by reason of his being the tenant of the plff. who has but the reversionary interest in the land, he has to declare in this form of action. This is not case as in assumpsit, which is an equitable remedy founded on implied contract, but case *in tort*, founded on the wrong, a trespass in fact, and only not treated as such by reason of the relation of the parties.

*The Court* admitted the evidence. See 2 *Stark. Ev.* 361.

*Frame*, for plaintiff.

*Bayard* and *Cullen*, for defendants.

----◆----

DOE, on the demise of JAMES FERGUS, *vs.* ROE, and THOMAS ROBINSON.

A devise "to A and her heirs forever; but if she should die before she arrives at lawful age, *or* has heirs lawfully begotten of her body, then to B," is a fee simple in A with an executory devise over to B, and *not* an *estate tail.*
*Or* may be changed to *and* to effectuate the intention of the testator.

EJECTMENT.

James Fergus, by will bearing date seventh February, 1797, devised as follows: "I give and bequeath to my beloved daughter, Eliza Fergus, all my real and personal estate, to her and her heirs forever—but if my beloved daughter Eliza Fergus should die before she arrives at lawful age, or has heirs lawfully begotten of her body, then my will and desire is that it goes to my brother Francis Fergus that was living in Rockbride county, New Virginia (when I heard from him last) to him, his heirs and assigns forever."

Eliza Fergus married John Smith and died leaving one child, who died before John Smith and without issue.

This ejectment, with others at the present term, was brought by the heirs at law of Francis Fergus the devisee over in the afsd. will of James Fergus under the idea that Eliza Fergus took but an *estate tail* by the said will. But the plff.'s counsel frankly abandoned this construction when the cases were called for trial, and ordered them discontinued. *(a)*

*(a) Note by Mr. Black.*—Where there has been a devise of lands to A.